UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

WILLIAM SCALES,

                Plaintiff,

-against-

NEW YORK STATE COMMISSION ON JUDICIAL CONDUCT,

                Defendant.

23-CV-7846 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff William Scales, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, alleging that Defendant "[v]iolated my right to a fair and swift intervention and exhibited deliberate neglect of duty."[1] (ECF No. 1 at 2.) By order dated February 22, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] The Court quotes from the complaint verbatim. All grammar, punctuation, capitalization, and spelling are in the original unless otherwise indicated.

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this complaint against the New York State Commission on Judicial Conduct regarding events that allegedly occurred between 2022 and 2023. Plaintiff alleges as follows:

> The New York State Commission on Judicial Conduct has exhibited deliberate neglect of duty leading to Financial damages and a tremendous waste of time seeking a remedy for colour of law Judge Misconduct preventing the closure of multiple court cases.

(ECF 1 at 5.) Plaintiff seeks "the Defendant's compel, and if the [D]efendant doesn't have immunity possible financial damages." (*Id.* at 6.)

## DISCUSSION

**A.     Eleventh Amendment**

Because Plaintiff invokes the court's federal question jurisdiction and alleges that Defendant, a state entity, violated his rights, the complaint can be construed as asserting claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Although Plaintiff brings this action against a state entity, the Eleventh Amendment bars his claim.

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . .." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). In the absence of any indication that the State has consented to suits such as this one, or that Congress has otherwise abrogated the State's immunity to these claims, Plaintiff's Section 1983 claims against the New York State Commission on Judicial Conduct are therefore barred by the Eleventh Amendment and are dismissed.

B.     **Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the Eleventh Amendment bars Plaintiff's claim, the defects in his complaint cannot be cured with an amendment. The Court therefore declines to grant Plaintiff leave to amend his complaint.

C.     **The Court's August 7, 2023 Warning Remains in Effect**

Because of Plaintiff's history of filing cases, in this court and in the United States District Court for the Eastern District of New York, that were dismissed on immunity grounds, by order dated August 7, 2023, the Court warned Plaintiff that the further submission of duplicative or non-meritorious litigation may result in an order directing him to show cause why he should not be barred from filing any further actions in this court IFP without first obtaining permission from this court to file his complaint. *See Scales v. United States Supreme Court*, ECF 1:23-CV-6462, 4 (S.D.N.Y. Aug. 7. 2023). That warning remains in effect.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as barred by the Eleventh Amendment.

The Court's warning, that further submission of duplicative or non-meritorious litigation may result in an order directing Plaintiff to show cause why he should not be barred from filing any further actions in this court IFP without first obtaining permission from this court to file his complaint, remains in effect.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

4

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this case.

SO ORDERED.

Dated:   April 15, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

5